Daniel, Judge.
Maps and surveys are often referred to by deeds of conveyance, and then, whether mechanically annexe(^ or not) they incorporated parts of the descrip-contained in those deeds. Bridgman v. Jennings, 1 Lord Raym. 734—1 Phil. Ev. 203—1 Strange’s Rep. 95— Burton on Real Property, 142. But, without this Court now stopping to decide the question, whether the survey or map could legally be given in evidence by the plaintiffs as a part the Sheriff’s deed to Harris, executed in the year 1795, as the maP> 'w’as not registered with the Sheriff’s deed, still, we think, there is a point in the case, which is clearly in fa-vour of the lessomof the plaintiff The Judge charged the “ that they were satisfied that the lessors of the plain-tig* and those under whom they claimed had been thirty-five J J years in possession, before the action brought, of the land circumscribed by the plat referred to in the'Sheriff’s deed to *243 James Harris, and that during that time lines and aries of said land were known and visible, and the lessors of ' * the plaintiff and those under whom they held, claimed up to them; they were at liberty to presume a grant for the land to have issued up to those boundaries — although the actual possession or enclosure of the occupants might not have extended to the lines — the possession, in that case, of a part, being the possession of the whole, and in that case, they would find for the plaintiffs.” The correctness of the charge of the Judge on this point is supported by the case of Fitzrandolph v. Norman, N. C. Term Rep. 131. In that case, the Judges who decided'it, gave elaborate opinions, and went so thoroughly into the subject, that we now deem it unnecessary to say or do more than refer to the reasons there advanced, as sufficient in our opinion, to shew that the act of 1791 (1 Rev. St. ch. 65, sec. 2) making certain possessions of land valid against the ,State, does not affect the common law principle of presuming a grant from the State, from great length of possession. In our opinion, the above charge of the Judge was correct; and the judgment must be affirmed.
Per Curiam. . Judgment affirmed. •